ANTON ZUCHOWSKI, d. b., *vs.* THE STATE OF DELAWARE, p. b.

*Criminal Law— Certiorari— Wife-beating—Assault and Battery— Statute; Construction of—Municipal Court; Jurisdiction of.*

 1.   The Municipal Court of the City of Wilmington has no jurisdiction over an assault and battery committed by a husband upon his wife, under the statute entitled "An Act providing for the corporal punishment of wife-beaters," approved Feb. 22, 1901.
 2.   The assaults and batteries of which the said Municipal Court has jurisdiction are common law offenses, where the penalty is limited to fine or imprisonment or both, and not statutory assaults and batteries punishable by ignominious penalties usually inflicted upon felons.

(*December 21, 1901.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Samuel S. Adams, Jr.,* for plaintiff in error.

*David J. Reinhardt,* City Solicitor, for the State.

Superior Court, New Castle County, November Term, 1901.

CERTIORARI (No. 72, November Term, 1901).

SPRUANCE, J. :—It appears by the record of the Municipal Court for the City of Wilmington, that the defendant was on November 6th, 1901, convicted in said Court of an assault and battery upon his wife, and sentenced to pay the costs of prosecution, to be imprisoned for ten days and to be whipped with fifteen lashes.

The case having been brought to this Court by *certiorari* at the suit of the defendant below, he has excepted to the jurisdiction of the Court below.

The prosecution was under an act of the General Assembly, entitled, " An Act providing for the corporal punishment of wife-beaters," approved February 22, 1901, Section 1 of which is as follows: " That if any person, being the husband of any woman,

shall assault and strike or beat his wife, he shall be deemed guilty of a misdemeanor, and upon conviction thereof, may, in the discretion of the Court, be sentenced to be whipped with not less than five nor more than thirty lashes, and fined or imprisoned." (*22 Laws of Del., 493*.)

The Municipal Court for the City of Wilmington was established by an act of the General Assembly, passed April 13th, 1883, being Chapter 207 of Volume 17, Laws of Delaware. The said Court was created pursuant to sections 1 and 15 of Article 6 of the Constitution of 1831, and is an inferior Court within the meaning of said last mentioned section.

*Wilmington vs. Vandegrift, 1 Marvel, 13; Forbes vs. State, 2 Pennewill, 197.*

By Section 15 of the said act of 1883, the said Court was given sole jurisdiction of all criminal matters enumerated in said Section 15 of Article 6 of the Constitution of 1831—among which are assaults and batteries committed within said city.

By Section 30 of Article 4 of the Constitution of 1897, the General Assembly was authorized to give to inferior courts by it established, or to be established, jurisdiction of the criminal matters therein specified—among which are assaults and batteries—and Section 18 of the Schedule provides that, "All the laws of this State existing at the time this Constitution shall take effect, and not inconsistent with it, shall remain in force, except so far as they shall be altered by future laws."

After full consideration the Supreme Court in 1899, in the case of *Forbes vs. State, supra,* held that the existence of the said Municipal Court and its jurisdiction of assaults and batteries continued under the present Constitution.

The assaults and batteries of which the said Municipal Court has jurisdiction are common law offenses, and not statutory assaults and batteries punishable by ignominious penalties usually inflicted upon felons.

By the act of *22 Geo. 2, Chapter 126 of 1 Laws of Delaware,*

*Section 2,* assault and battery was made punishable by fine at the discretion of the Court.

By the act of 1826, *Chapter 362 of 6 Laws of Delaware, Section 2,* assault and battery was made punishable by fine and imprisonment, or either, at the discretion of the Court, and this has ever since remained the penalty for the offense.

*Code of 1829, p. 141, Section 2 ; Rev. Codes of 1852, 1874 and 1893, Chap. 127, Sec. 18.*

It is inconceivable that the Legislature or Constitutional Convention has intentionally conferred upon the said Municipal Court jurisdiction of an offense punishable by whipping or other ignominious penalty, without jury trial and without appeal.

The defendant was tried by the Court below without a jury, and the right of appeal is not expressly given him by the Constitution or any statute.

The said Section 30 of Article 4 of the present Constitution, in reference to the jurisdiction of inferior courts, provides, " That there shall be an appeal to the Court of General Sessions in all ' cases in which the sentence shall be imprisonment exceeding one month, or a fine exceeding one hundred dollars."

This is a clear indication of the purpose of the Convention to limit the penalty to be imposed by inferior courts, " established or to be established," to fine or imprisonment or both. If this is not so, the Legislature might impose the death penalty for any of the offenses of which an inferior court has or may have jurisdiction, and the sentence of such Court would be final. This, of course, is incredible.

It will be observed that the said act of February 22, 1901, does not expressly confer upon the said Municipal Court jurisdiction of the offense thereby created and it is probable that such was not the intention of the Legislature, as said act does not appear to have been passed with the concurrence of two-thirds of all the members elected to each House, as required by said Section 30 of

Article 4 of the Constitution to give jurisdiction to inferior courts of other misdemeanors than those enumerated in said section.

We are of the opinion that the said Municipal Court has no jurisdiction of the offense of which the defendant was convicted.

The judgment below is reversed.